GRAF BROS. *v.* UNITED STATES (No. 1517).[1]

NAIL POWDER A TOILET PREPARATION.

The phrase "and other toilet preparations" in paragraph 48, tariff act of 1913, must be taken to include the merchandise here—a preparation for polishing finger nails. These preparations are not to be limited to such as are for use or application to the hair, mouth, teeth, or skin.

United States Court of Customs Appeals, May 18, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37060 (T. D. 35000).

[Affirmed.]

*Comstock & Washburn (Henry J. Rode* on the brief) for appellants.
*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The following paragraphs of the tariff act of 1913 are relied upon in this case:

11. Blacking of all kinds, polishing powders, and all creams and preparations for cleaning or polishing, not specially provided for in this section, 15 per centum ad valorem: *Provided,* That no preparations containing alcohol shall be classified for duty under this paragraph.

48. Perfumery, including cologne and other toilet waters, articles of perfumery, whether in sachets or otherwise, and all preparations used as applications to the hair, mouth, teeth, or skin, such as cosmetics, dentifrices, including tooth soaps, pastes, including theatrical grease paints, and pastes, pomades, powders, and other toilet

---

preparations, all the foregoing, if containing alcohol, 40 cents per pound and 60 per centum ad valorem; if not containing alcohol, 60 per centum ad valorem; floral or flower waters containing no alcohol, not specially provided for in this section, 20 per centum ad valorem.

The merchandise is a tinted or colored powder used for polishing finger nails. It was assessed for duty under paragraph 48. The importers claim duty under paragraph 11. The Board of General Appraisers upon hearing overruled the protest. We quote the material part of its opinion:

Although such powders are not specifically mentioned in this paragraph it does not require much of a stretch of the language to hold that it is sufficiently comprehensive to include such a powder as that in question. Cleansing and polishing of the finger nails is as much a part of the toilet as the proper care and treatment of the skin, the hair, or the scalp.

The language of paragraph 11, if it were a question of first impression, would hardly suggest that toilet articles or preparations were within its purview, although it may be susceptible of that interpretation. The apparent scope of paragraph 48, on the other hand, upon first reading, seems to cover a great variety of what are commonly known as toilet articles or preparations, as well as some that may not, strictly speaking, be such.

After referring to all preparations used as applications to the hair, mouth, teeth, or skin, illustrations of which are given, and extending the same to cover theatrical grease paints, the paragraph proceeds to enumerate "pastes, pomades, powders," terms which are broad enough to cover many articles already included, and then adds "and other toilet preparations."

The substance of importers' claim is that this expression was intended to refer to toilet preparations to be used or applied to the hair, mouth, teeth, or skin, and that as the merchandise here is to be applied to the nails, it is not dutiable under the paragraph.

We think the sense of this part of the paragraph is shown by re-writing it as follows: "All preparations used as applications to the hair, mouth, teeth, or skin, and pastes, pomades, powders, and other toilet preparations," and that the words of the text omitted in such re-writing are words of explanation and extension and not words of limitation, as is in effect claimed by the importers.

Without considering the contention made by the Government that the finger nails are really, under lexicographic authority, within the term "skin," and there is force in this contention, we think the term "and other toilet preparations" embraces the merchandise here.

The various decisions cited by importers do not appear to us to be in conflict with this conclusion, but when considered in the light of earlier paragraphs *in pari materia*, referred to by the Government, rather support the same.

The judgment of the Board of General Appraisers is *affirmed.*